FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JAN 14 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARY MONTECALVO, | ) |
| | ) |
| Plaintiff, | ) 2:11-CV-0004-WCO |
| | ) |
| v. | ) CASE NUMBER: |
| | ) _____ |
| UNION GENERAL HOSPITAL, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## VERIFIED COMPLAINT

COMES NOW Mary Montecalvo, Plaintiff herein, and shows this Court the following facts, to wit:

### PARTIES, JURISDICTION, AND VENUE

1.

The Plaintiff is a citizen and resident of the State of Texas.

2.

Defendant Union General Hospital, Inc. ("Union General Hospital") is a corporation formed under the laws of the State of Georgia and can by served through its registered agent, Rebecca T. Dyer at 35 Hospital Road, Blairsville, Union County, Georgia 30512-3139.

1.

3.

This Court has jurisdiction of the parties and subject matter of the claim by reason of diversity of citizenship, 28 U.S.C. §1332, and the amount in controversy reasonably exceeds the jurisdictional requirement.

4.

Venue is proper in this Court.

**LIABILITY FACTS**

5.

On July 21, 2009, Mary Montecalvo presented herself to the facilities of Union General Hospital for the purpose of undergoing a colonoscopy performed by Mary Beth Wiles, M.D.

6.

Dr. Wiles began the colonoscopy procedure at approximately 7:30 a.m. and concluded the procedure at approximately 8:19 a.m. At the conclusion of the procedure, Plaintiff was observed by agents of Defendant for post endoscopy conscious sedation recovery.

2.

7.

During the colonoscopy procedure, the Plaintiff was prescribed and given the following medications for conscious sedation:

| Time: | Medication: |
|---|---|
| 7:57 a.m. | Versed 2mg |
| 7:57 a.m. | Fentanyl 100mg |
| 7:58 a.m. | Versed 2mg |
| 8:04 a.m. | Fentanyl 50mg |
| 8:04 a.m. | Versed 3mg |
| 8:07 a.m. | Fentanyl 50mg |
| 8:08 a.m. | Versed 2mg |
| 8:09 a.m. | Versed 1mg |
| 8:11 a.m. | Versed 2mg |
| 8:12 a.m. | Versed 2mg |
| 8:13 a.m. | Versed 1mg |

8.

During the colonoscopy procedure, Plaintiff's vitals were as follows: blood pressure ranged from a high of 174/63 to a low of 121/60; pulse ranged from a high

of 86 to a low of 73; respiration ranged from a high of 19 to a low of 14; and oxygen saturation remained within normal limits while Plaintiff was being administered oxygen.

9.

Mary Montecalvo's pre-procedure baseline for alertness was scored as a "2."

10.

After the conclusion of the colonoscopy procedure, during which two (2) polyps were removed, Mary Montecalvo was placed in recovery for observation.

11.

Prior to beginning the procedure, Mary Montecalvo's Union General Hospital medical records indicated that she had a history of irregular heartbeat, hypertension, stroke, arthritis, dizziness, severe anemia, and carotid stenosis of 70% after surgery.

12.

Plaintiff shows that her known prior medical history, combined with bleeding from removal of polyps during the colonoscopy procedure, and the administration of drugs listed above, either alone or combined, potentiated the probability of the post-procedure complications of fainting, dizziness and instability, requiring the attending nurses to execute, with or without a physician's order, diligence in monitoring and

4.

assisting the Plaintiff during recovery and with any permitted ambulation.

13.

Plaintiff shows that her chronic and intra-procedure medical conditions placed her at high risk for falling.

14.

Plaintiff shows that the Defendant knew or should have known that the Plaintiff was at high risk of falling, and that if the Defendant did not have such knowledge through its assigned nursing staff, Defendant violated the standard of care by not being informed of Plaintiff's relevant medical history and/or by failing to recognize her post-procedure risks.

15.

Plaintiff shows that immediately before she fell at 9:25 a.m. and at 9:18 a.m., her blood pressure was trending down to 110/58, oxygen had been re-administered and that she was reported as "quite drowsy responding only to verbal stimuli."

16.

Plaintiff shows that at the time she fell, her blood pressure was at 77/44 and that her heart rate, respiratory rate and oxygen saturations were not taken or recorded.

17.

Plaintiff shows that as a result of the amount of medication given to her and patient history monitoring should have been constant until she had recovered adequately for discharge.

18.

Plaintiff shows that at the time of her fall, the nurses at Union General Hospital failed to assess Plaintiff for injury and discharged her home upon doctor's orders, which were given without any evaluation, at 9:55 a.m.

19.

Plaintiff shows that after arriving home, she began to experience significant pain and that she returned to Union General Hospital at 5:10 p.m. the same day, and was diagnosed with a fractured pelvis.

20.

Plaintiff shows that by failing to adequately monitor and secure her ambulation, Defendant Union General Hospital, acting by and through its assigned nursing staff, violated that professional standard of care incumbent upon hospitals and nurses under like surroundings and similar circumstances.

21.

Plaintiff shows that Defendant Union General Hospital was guilty of ordinary negligence in providing facilities to the Plaintiff, a business invitee, lawfully in Defendant's facility.

## DAMAGE FACTS

22.

Plaintiff shows that she was hospitalized for the injuries sustained through the negligence and violation of professional standards by the Defendant Union General Hospital acting through its assigned nursing staff.

23.

After hospitalization, Plaintiff shows that she was confined to bed on pain medication for approximately one month, followed by difficult and painful ambulation using crutches, a walker, and has currently weaned herself to a four-footed cane.

24.

Prior to her injuries, Plaintiff shows that she lived alone in Fannin County and took care of herself and her pets for approximately 15 years.

7.

25.

Plaintiff shows that as a result of her injuries described above, she has been unable to recover sufficiently to fully care for herself and that at the suggestion of her son, she allowed her family to move her to Denton, Texas where she could continue to live alone as independently as possible, but with family close at hand to provide supplemental living assistance.

26.

In addition to the injuries described above, Plaintiff shows that she had pre-existing degenerative disc disease from her thoracic spine through her sacrum which had been previously treated and cared for conservatively with medication by Dr. Frank Wood.

27.

Plaintiff shows that as a result of her fall, fractured pelvis, bed confinement, use of crutches, walker and four-footed cane, she put pressure on her thoracic spine due to a partial shift in weight bearing from her lower extremities to her arms and shoulders, and developed an antalgic gait which has aggravated her pre-existing osteoarthritis and degenerative disc disease, making her more symptomatic with pain.

28.

Plaintiff shows that she has recently undergone surgery for acute injury in her thoracic spine due in part by aggravation of her pre-existing condition.

**WHEREFORE**, Plaintiff prays:

(a) That process issue requiring the Defendant to be and appear in answer Plaintiff's Complaint;

(b) That Plaintiff have and recover of the Defendant for pain and suffering, together with medical expenses incurred as a jury and its enlightened conscience may see fit to award after having been appraised of all the facts and circumstances of this case;

(c) That Plaintiff have and recover of the Defendant attorney's fees and expenses of litigation pursuant to O.C.G.A. §13-6-11; and

(d) That Plaintiff have and recover such other and further sums as are meet and proper under the circumstances.

9.

This 6th day of January, 2011.

                              **COPPEDGE & EVANS, P.C.**

                              By: _____
                                  WARREN N. COPPEDGE, JR.
                                  GEORGIA BAR NUMBER:   187300
                                  ALLISON ROBERTS
                                  GEORGIA BAR NUMBER:   140811

508 South Thornton Avenue          ATTORNEYS FOR PLAINTIFF
Dalton, Georgia   30720
Telephone:   706/226-0040
Facsimile:   706/226-0050
coppedge@coppedgeevans.com
aroberts@coppedgeevans.com

## FONT AND POINT SELECTION CERTIFICATION

The undersigned hereby certifies that this Complaint has been prepared with Times New Roman, 14 point, which is one of the font and point selections approved by the Court.

           **COPPEDGE & EVANS, P.C.**

           By: _____
           WARREN N. COPPEDGE, JR.
           GEORGIA BAR NUMBER:  187300

508 South Thornton Avenue  ATTORNEY FOR PLAINTIFF
Dalton, Georgia  30720
Telephone:  706/226-0040
Facsimile:  706/226-0050
coppedge@coppedgeevans.com
aroberts@coppedgeevans.com

11.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MARY MONTECALVO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER: |
| ) | _____ |
| UNION GENERAL HOSPITAL, ) | |
| INC., ) | 2:11-CV-0004-WCO |
| ) | |
| Defendant. ) | |

VERIFICATION

STATE OF TEXAS,
COUNTY OF DENTON.

IN PERSON BEFORE ME, an officer duly authorized to administer oaths, appeared MARY MONTECALVO, who after being duly sworn and upon her oath, states that the facts contained in Plaintiff's Complaint in the above-styled matter are true and correct to the best of her knowledge.

This 12th day of October, 2010.

_____
MARY MONTECALVO

Sworn to and subscribed before me,
this 12th day of October, 2010.

_____
Notary Public
My Commission Expires:
1/14/14
[NOTARIAL SEAL]



ROBERT TYLER HARRISON
Notary Public
STATE OF TEXAS
My Comm. Exp. January 14, 2014